UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| STEVEN RAY RIDDALL, ) | | |
| ) | | |
| Petitioner, ) | CASE NO. | C05-1750RSM-MJB |
| ) | | (CR03-425RSM) |
| v. ) | | |
| ) | | |
| UNITED STATES OF AMERICA, ) | REPORT & RECOMMENDATION | |
| ) | | |
| Respondent ) | | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Steven Riddall is a federal prisoner who is currently incarcerated at the Cibola County Correctional Institution in Milan, New Mexico. Petitioner has filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside or correct his 2004 federal court sentence. The government has filed a response to petitioner's § 2255 motion in which it argues that petitioner's motion should be denied. The Court, having reviewed petitioner's motion, the government's response thereto, and the balance of the record, concludes that this § 2255 action should be dismissed.

DISCUSSION

On October 31, 2003, petitioner entered a plea of guilty to a charge of possession with intent to distribute in excess of 50 kilograms of marijuana. (*See* CR03-425RSM, Dkt. Nos. 39 and 47.)

REPORT AND RECOMMENDATION
PAGE - 1

1  The Court accepted petitioner's guilty plea and, on March 5, 2004, sentenced petitioner to 46 months

2  imprisonment. (CR03-425RSM, Dkt. Nos. 51 and 62-63.) Petitioner did not file a direct appeal.

3        On October 18, 2005, petitioner filed the instant motion for relief under § 2255. Petitioner

4  asserts in his motion that (1) he received a harsher sentence because he is an alien and therefore does

5  not qualify for programs which would allow him to reduce the length of his incarceration; and, (2) he

6  should be re-sentenced under *United States v. Booker*, 125 S. Ct. 738 (2005).

7        On November 17, 2005, the government filed a timely response to petitioner's motion. The

8  government argues in its response that (1) petitioner waived his right to file a § 2255 motion in his

9  plea agreement; (2) petitioner's motion is untimely; and, (3) the Court lacks jurisdiction to review the

10  government's decision to deny him a prison transfer. Because the record supports the government's

11  argument that petitioner waived his right to file the instant motion, this Court need not address the

12  government's remaining arguments.

13        The plea agreement which petitioner entered into with the government contained the

14  following provision:

15        12.    <u>Waiver of Appeal</u>. Defendant is aware that 18 U.S.C. § 3742 gives the
right to appeal the sentence imposed, and that other federal statutes give Defendant the
16  right to appeal other aspects of the conviction. In consideration of the United States's
agreement not to file a sentencing enhancement, Defendant knowingly and voluntarily
17  agrees to waive the following rights:

18        a.    The right, conferred by 18 U.S.C. § 3742, to appeal the
sentence imposed by the Court;
19

20        b.    The right to appeal any aspect of Defendant's conviction,
including any pretrial suppression matters or other pretrial dispositions of motions and
other issues; and
21

22        c.    The right to bring any collateral attack against Defendant's
conviction or sentence, except as it may relate to the effectiveness of legal counsel.

23  (CR03-425RSM, Dkt. No. 47 at 5-6.)

24

25  REPORT AND RECOMMENDATION
26  PAGE - 2

1    The instant § 2255 motion constitutes a collateral attack on petitioner's sentence.  Petitioner
2 does not assert any claim in his § 2255 motion related to the effectiveness of legal counsel.
3 Petitioner does not contend that his waiver of his right to file a collateral attack was not knowingly
4 and voluntarily made.  Accordingly, petitioner's waiver of his right to file a collateral attack must be
5 enforced, *see United States v. Joyce*, 357 F.3d 921 (9th Cir. 2004), *cert. denied*, 125 S.Ct. 90 (2004),
6 and this action must be dismissed.

## CONCLUSION

For the reasons set forth above, petitioner's § 2255 action should be dismissed.  A proposed order accompanies this Report and Recommendation.

DATED this 24th day of January, 2006.

MONICA J. BENTON
United States Magistrate Judge